KNAUFF *v.* BARTLETT *et al.*

(*Knoxville,* September Term, 1935.)

Opinion filed May 4, 1936.

R. W. KEMMER and J. F. ATCHLEY, both of Chattanooga, for complainants.

T. D. FLETCHER and JOHN S. WRINKLE, both of Chattanooga, for defendants.

MR. SPECIAL JUSTICE DAVIS delivered the opinion of the Court.

This original bill was filed January 14, 1935, to recover on a note of $267.50, dated April 7, 1929, payable to complainant, and signed by A. W. Riddell, Lee Bartlett, and A. W. Bartlett. In addition to the signers of the note, Lee Bartlett's wife, Pearl, and his son, Homer, were made defendants, as was Belle Bartlett, wife of A. W. Bartlett, and F. L. Capehart. These additional defendants were necessary, because the bill sought to set aside for fraud and lack of consideration, certain conveyances which the Bartletts, signers of the note, had executed. It appears that on or about December 3, 1934, Bartlett transferred to his son, Homer, a Chevrolet automobile. And on December 3, 1934, Lee Bartlett conveyed to his wife, Pearl, two tracts of land, one of 100 acres, the other of 27½ acres, for the expressed consideration of love and affection; and on December 22, 1934, Lee Bartlett and his wife, for an expressed consideration of $1,500 cash, transferred this same land to defendant Capehart, who had married Mrs. Bartlett's niece. On December 4, 1934, A. W. Bartlett, for an expressed consideration of $800 cash, conveyed to his wife, Belle, a tract of land of about 40 acres. The total value of the lands so transferred by these debtors is shown to be about $5,000; and the conveyances rendered the grantors insolvent.

Now, before filing this bill, complainant had sued all the makers of this note before a justice of the peace of Hamilton county. This warrant was served on all the

makers of the note, and trial set for November 24, 1934. At that trial the two Bartletts made the claim that the note had been altered; that it was payable to the Bank of Ooltewah, not to complainant; and it was there stated by the Bartletts, and their counsel, that, if the note had not been altered, it would be paid. Complainant said, that, if it has been altered, he would agree he could not collect it. A handwriting expert was engaged, and he said there had been no alteration. The note appears in the record, and it is payable to the complainant, at the Bank of Ooltewah. It also appears that the Bartletts said they would pay the note, if given a little time before judgment; the justice of the peace held up his judgment a few days, and finally gave judgment against all the makers on December 10, 1934. The Bartletts then appealed from the justice of the peace judgment on the pauper's oath. In the meantime, as already stated, they had stripped themselves of their property. Complainant took a nonsuit in the circuit court, and filed this bill. In an amended bill filed January 28, 1935, complainant gave notice that, as the amount is under $500, he would demand that the case be tried on oral testimony. The chancellor, over objection of defendants, tried the cause on oral testimony. The Bartletts filed a plea of *non est factum* to the note, and denied the allegations of the bill on which the conveyances were sought to be set aside. The chancellor gave judgment on the note, and set aside the conveyances. The Court of Appeals has affirmed this decree.

The justice of the decree is well sustained upon the facts. Complainant says that all the makers signed the note, and the Bartletts did not deny their signatures until sued. Lee Bartlett told one of complainant's wit-

nesses, Miller, that he would have to pay this note, which was for mules, as Riddell was insolvent; this defendant's wife had made the same statement. The Bartletts asked a few days' time in which to pay the justice of the peace judgment. They violated their agreement to pay the note if it had not been altered; instead, they fraudulently transferred their property and then appealed. The proof is sufficient to show that no consideration passed for any of the conveyances, and certainly is sufficient to cast upon defendants the burden of showing the good faith of the conveyance. Yet, while all of the defendants were in court when the case was tried, no one of them testified, and they offered no proof in their behalf.

The real insistence made in behalf of defendants, on their petition for *certiorari,* is that it was error to try the cause on oral evidence.

But the Code of 1932 has changed the practice in equity causes of a certain character. Section 10562 is as follows:

"In all causes in chancery, except divorce causes and jury trials, the testimony of witnesses shall, unless otherwise provided, be taken in writing without compelling their personal attendance. In divorce causes and jury trials, and in suits involving demands of five hundred dollars or less, either party may examine the witnesses in open court, or take their proof by depositions as in other cases."

The succeeding section (10563) is as follows:

"In case of suits on demands of five hundred dollars or less, the litigant first claiming the right to examine his witnesses orally, shall give notice to that effect in his pleading."

Thus it will be seen that, in suits involving demands of $500 or less, a litigant, by giving notice to that effect in his pleading, may have a trial on oral evidence, though the case be in the chancery court. The Code does not require that such notice be given in the first pleading filed by the litigant. In this cause it was given in the amended bill, and that was sufficient.

■ It is insisted that the right to trial on oral evidence could not exist in this cause because the bill seeks to set aside conveyances of property of the value of more than $500, in addition to the recovery of a note in an amount under $500. But the Code gives the right to such trial ''in suits involving demands of five hundred dollars or less.'' It is the amount sought to be recovered which governs the right to such trial—the amount ''involved.'' We are of opinion that the setting aside of the conveyances in this cause was a mere incident attendant upon the right of recovery, and did not deprive the complainant of his right to a trial on oral evidence. He is interested in avoiding the fraudulent conveyances only to the extent to which they affect his debt, and so, from his standpoint and interest, the amount involved does not exceed $500, no matter what value the property fraudulently conveyed may have.

Writ denied.